996 So.2d 239 (2008)
David S. SOBREVILLA, Appellant,
v.
DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT PROGRAM, on behalf of Lici G. PASTOR-ROQUEZ, Appellee.
No. 4D08-107.
District Court of Appeal of Florida, Fourth District.
December 3, 2008.
*240 David S. Sobrevilla, Fort Lauderdale, pro se.
Bill McCollum, Attorney General, and Toni C. Bernstein, Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
In a child support order, Florida's Department of Revenue held that the Appellant, David S. Sobrevilla, was voluntarily underemployed, increasing his monthly income for the purpose of calculating prospective and retroactive child support. It accomplished this by using Sobrevilla's current hourly wage, and by increasing his current work week of thirty-three hours per week to forty hours per week. This income imputation was not supported by competent, substantial evidence. As such, we reverse and remand with directions to recalculate Sobrevilla's income to an amount supported by competent, substantial evidence.
The standard of review governing the Department of Revenue's imputation of income in a child support order is whether the amount is "supported by competent, substantial evidence." Wright v. State, Dep't of Revenue, 833 So.2d 799, 800 (Fla. 1st DCA 2002). In this case, there is no competent, substantial evidence to support the Department's imputation of income for Sobrevilla. The only document the Department considered in imputing Sobrevilla's income was his financial affidavit, which failed to give a clear picture of Sobrevilla's potential earning capacity by only showing his current earnings. The Department also failed to consider Sobrevilla's occupational qualifications, as well as the prevailing wages in the community, only taking into account Sobrevilla's recent work history in making its imputation of income. Furthermore, in increasing Sobrevilla's potential work week from thirty-three hours to forty hours, the Department failed to show how or by what means Sobrevilla could reasonably be expected to increase his current thirty-three hour work week to forty hours. Instead, the Department made a blanket statement, unsupported by any evidence, that Sobrevilla is able to increase his work week from thirty-three hours to forty hours.
Therefore, the Department's imputation of income is not supported by competent, substantial evidence, warranting reversal.
Reversed and Remanded with Directions.
TAYLOR, HAZOURI, JJ., and BLANC, PETER D., Associate Judge, concur.